NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 20, 2017*
Decided November 30, 2017

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 17-1392 <br><br> DERRICK A. SANGSTER, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> THOMAS HINES, *et al.*, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 15-C-727 <br> Lynn Adelman, *Judge.* |

### Order

Derrick Sangster is in state prison following his plea of nolo contendere to drug and firearms charges. He contends in this suit under 42 U.S.C. §1983 that a search producing incriminating evidence violated the Fourth Amendment. The details of his crimes, and of the search, do not matter to this appeal, because the district court dismissed the suit on the ground of issue preclusion. 2017 U.S. Dist. LEXIS 10955 (E.D. Wis. Jan. 25, 2017).

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a).

Sangster moved to suppress the evidence in the criminal prosecution, and the state judge denied his motion after concluding that the search was lawful—because the initial look-see had the consent of Sangster's brother and then because the full search was authorized by a warrant. Sangster then entered his plea of no contest.

A decision is preclusive on a particular issue in Wisconsin (whose law governs, see 28 U.S.C. §1738 ¶3) if, among other things, the issue was actually and necessarily decided in the prior litigation and application of preclusion is fundamentally fair. See *Estate of Rille v. Physicians Insurance Co.*, 2007 WI 36 ¶¶ 36–38; *Mrozek v. Intra Financial Corp.*, 2005 WI 73 ¶17. The validity of the search was decided on the merits adversely to Sangster and, given the importance of the evidence, that decision was necessary to the success of the prosecution. In the district court, and again in this court, Sangster contends that it nonetheless is not fair to treat the state court's decision as preclusive. The district court was not persuaded, nor are we. The record shows that the state judge took the issue seriously, held a multiday hearing, and made findings on the contested issues. These findings were adverse to Sangster, but that does not make the hearing inadequate or the decision unfair. Nor does the fact that the state judge considered some evidence that may have been inadmissible at trial; this is normal when addressing motions to suppress. Sangster had an opportunity for an appellate resolution but chose not to use it. We need not add to what the district court wrote on this subject.

In the district court Sangster hinted at a second possible argument: that although the state court's findings were necessary *when rendered*, they became unnecessary when he pleaded no contest. Given that plea, the evidence was not used at trial, for there was no trial. Sangster did not develop that argument in the district court, however, or cite any Wisconsin decision holding that a plea of guilty or no contest eliminates the preclusive effect of findings that were vital to the criminal prosecution when rendered. Indeed, Sangster does not contest this issue on appeal; his sole argument in this court is that application of issue preclusion would be unfair. Because Sangster has not argued this subject on appeal, the defendants have not briefed what may be a novel issue of Wisconsin law. Cf. *Haring v. Prosise*, 462 U.S. 306, 316 (1983) (dealing with this subject under Virginia law). It would be inappropriate to tackle that subject without the assistance of briefs. We limit our consideration to the only question Sangster has raised here and, because we agree with the district court's handling of that question, the judgment is

AFFIRMED.